**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

vs.                                              1:22-CV-380
                                                          (MAD/DJS)

**14K MIAMI CUBAN CHAIN, VL: $23,000.00,**

                      **Defendant.**

---

**APPEARANCES:**                                     **OF COUNSEL:**

**OFFICE OF THE UNITED**                **ELIZABETH A. CONGER, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for the United States

**GALARNEAU LAW**                                **ERIC M. GALARNEAU, ESQ.**
41 State Street – Suite 604-17
Albany, New York 12207
Attorneys for Claimant Jeffrey C.
Civitello, Sr.

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

**A.**    **Procedural Background**

On April 22, 2022, the United States filed a verified complaint for forfeiture *in rem* for forfeiture of the Defendant Property as property traceable to the proceeds of offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). *See* Dkt. No. 1. A warrant for the arrest of the property *in rem* was issued that same day, *see* Dkt. No. 2, and the property was taken into the custody of the United States Marshals Service on June 22, 2022. *See* Dkt. No. 4.

On September 19, 2022, Attorney Eric M. Galarneau filed a claim on behalf of Claimant Jeffrey C. Civitello, Sr. ("Claimant") to the Defendant Property pursuant to Rule G(5) of the Supplemental Rules for Admiralty and Maritime Claims. *See* Dkt. No. 9. Claimant's verified answer was filed on October 10, 2022. *See* Dkt. No. 10.

On December 12, 2022, the Government mailed its first set of special interrogatories to Claimant's counsel by certified mail, return-receipt requested to the Galarneau Law Firm PLLC, 41 State Street, Suite 604-17, Albany, New York 12207. *See* Dkt. No. 12-1 at ¶ 2. The USPS.com tracking number for the package shows delivery on December 15, 2022, at 3:05 p.m. *See id.* at ¶ 4. The special interrogatories were accompanied by a cover letter advising of the twenty-one-day deadline window within which Claimant was required to submit his answers and objections to the special interrogatories. *See id.* at ¶ 3. Claimant's answers and objections to the special interrogatories were due on Tuesday, January 3, 2023.[1] *See id.* at ¶ 5. Claimant never responded to the special interrogatories. *See id.* at ¶ 6. Instead, on January 25, 2023, Claimant filed a motion to stay pursuant to 21 U.S.C. § 881(i) and 18 U.S.C. § 981(g).

**B.    Related Criminal Actions**

***1. United States v. Robert J. Ingrao, et al.*, No. 1:21-cr-343 (N.D.N.Y.)**

Claimant and his son, Jeffrey C. Civitello, Jr., were the subjects of a long-term investigation conducted by Task Force Officers ("TFOs") with the United States Drug Enforcement Agency ("DEA"). *See* Dkt. No. 11-1 at ¶ 3. On April 2, 2021, a complaint was filed against Robert Ingrao in the United States District Court, Northern District of New York. *See id.* at ¶ 4. That complaint alleged that Ingrao transported nine kilograms of cocaine in a vehicle

---

[1] Calculated from December 12, 2022, the date when the special interrogatories were mailed to Claimant, the twenty-first day fell on January 2, 2023. As that date was a federal holiday, Claimant's answer and objections were due on the following day.

belonging to Claimant's son.  *See id.* at ¶ 4; *see also United States v. Ingrao, et al.*, No. 1:21-cr-343 (N.D.N.Y.).  In this first criminal action, on May 25, 2022, a superseding indictment was filed against Claimant, his son, and others relating to the transport of nine kilograms of cocaine in April 2021.  *See Ingrao*, No. 1:21-cr-343, Dkt. No. 55.  Trial commenced in this action on April 17, 2023, and on April 26, 2023, Defendants Jeffrey C. Civitello Sr., Jeffrey C. Civitello Jr., and Richard D. Sinde were found guilty on all counts.[2]

### 2. *United States v. Jeffrey C. Civitello Jr.*, No. 1:21-cr-386 (N.D.N.Y.)

On October 21, 2021, TFOs with the DEA executed a search warrant at the apartment of Claimant's son located at 2452 Albany Street in Schenectady, New York.  *See id.* at ¶ 5.  Drugs and firearms were allegedly recovered from the apartment, as was the chain that is the subject of this proceeding.  On November 4, 2021, an indictment was filed against Claimant's son charging him with violations of 21 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), (b)(1)(D), in connection with the October search warrant.  *See United States v. Jeffrey C. Civitello, Jr.*, No. 1:21-cr-386, Dkt. No. 5 (N.D.N.Y.).  Although a superseding indictment was filed in this case on June 29, 2023, Jeffrey C. Civitello Jr. remains the only named Defendant, with trial set to commence on November 20, 2023.

**C.      Pending Motions**

On January 25, 2023, Claimant filed a motion to stay pursuant to 21 U.S.C. § 881(i) and 18 U.S.C. § 981(g).  *See* Dkt. No. 11.  In his motion, Claimant contends that "[r]esponding to the Government discovery request would necessitate providing information that could incriminate the Claimant on either or both of the criminal Indictments noted above pending the conclusion of the

---

[2] The remaining Defendants in this case (Robert Ingrao and Christopher Kelly) pleaded guilty before trial and Mr. Kelly was a witness for the Government at trial.

3

criminal matter." Dkt. No. 11-1 at ¶ 10.  In response, the Government claims that Claimant failed to establish that he has standing in this forfeiture action and, regardless, he has failed to show how disclosure of the information pertaining to his alleged ownership interest in the Defendant Property would burden his right against self-incrimination.  *See* Dkt. No. 12 at 6.

Currently before the Court is Claimant's motion to stay and the Government's cross motion to strike the claim and answer.  *See* Dkt. Nos. 11 & 12.

## II. DISCUSSION

**A.     Motion to Stay**

Upon a motion of a claimant, a court shall stay a civil forfeiture proceeding if it determines that – "(A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2); *see also* 21 U.S.C. § 881(i) (directing that "[t]he provisions of section 981(g) of Title 18 regarding the stay of a civil forfeiture proceeding shall apply to forfeitures under this section").

*1. Standing*

"In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA')." *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (footnote omitted).  "In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).  "To establish statutory standing, a claimant asserting rights in property that has been seized and that is the subject of a

4

forfeiture action *in rem* must file a verified claim within ten days after process has been executed, unless the court grants an extension." *Cambio Exacto*, 166 F.3d at 526 (citing Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(6)). To establish Article III standing, a claimant must demonstrate (1) an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that can likely be redressed by a favorable decision. *See Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). "The [claimant] ... bears the burden 'clearly to allege facts [in his complaint] demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Steinberger v. Lefkowitz*, 634 Fed. Appx. 10, 11 (2d Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)); *see also Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir. 1989).

In addition to statutory and Article III standing, "a claimant also bears the burden of proving by a preponderance of the evidence that she is an 'innocent owner' of the property, 18 U.S.C. § 983(d)(1), as defined by the statute in sections 983(d)(2)-(3)." *United States v. Real Prop. Located at 229 Potter Rd., N. Kingtown, R.I.*, 91 F. Supp. 3d 303, 306 (D. Conn. 2015) ("*Potter Road*"). Although the Second Circuit has not yet expressly called for a claimant to demonstrate an ownership or possessory interest in the seized or forfeited property, *Cambio Exacto*, 166 F.3d at 527, district courts within the Circuit have routinely required claimants to establish a possessory or ownership interest in the specific forfeited property to show Article III standing. *See, e.g.*, *Potter Road*, 91 F. Supp. 3d at 306; *United States v. Angelo*, 344 F. Supp. 2d 360, 372 (E.D.N.Y. 2004); *United States v. One Red 2003 Hummer H2 VIN: 5GRGN23U93H118675*, 234 F. Supp. 3d 415, 419 (W.D.N.Y. 2017); *United States v. PokerStars*, No. 11-CV-2564, 2012 WL 1659177, *2 (S.D.N.Y. May 9, 2012). Mere assertion of ownership, without more, is insufficient to establish standing in a civil forfeiture action. *See Untied States v.*

*$38,570 in U.S. Currency*, 950 F.2d 1108, 1112-13 (5th Cir. 1992) (holding that to establish Article III standing in a civil forfeiture proceeding, the claimant must present the court with something more than a bare assertion of ownership of the property at issue; "[o]rdinarily, therefore, a claimant is required to submit some additional evidence of ownership along with his claim in order to establish standing to contest the forfeiture"); *see also United States v. One Hundred Thirty-Eight Thousand*, 240 F. Supp. 2d 220, 231-32 (E.D.N.Y. 2003) (holding that where a non-possessory claimant's only basis for standing was an allegation of ownership, proof of ownership is required to establish standing); *United States v. $200,000 in U.S. Currency*, 210 F. Supp. 3d 788, 792-93 (M.D.N.C. 2016) (same).

In the present matter, the Court agrees with the Government that Claimant's bald assertion of ownership in the Defendant Property is insufficient to support his claim. In his verified answer, Claimant asserts that he is the innocent owner of the Defendant Property and claims that "the chain belonged to his father and was left to him upon his father's death." Dkt. No. 10 at ¶¶ 17-18. Claimant's motion and response to the Government's motion to strike provide no additional factual support for his claim of ownership. Courts in the Second Circuit have taken the position that "'blanket assertions of ownership are insufficient to establish a claim [and] ... a bald assertion of ownership without more, could result in the court entertaining a claim by an individual with no standing whatsoever.'" *United States v. $41,352.00 U.S. Currency*, No. 14-cv-819A, 2015 WL 5638211, *5 (W.D.N.Y. Sept. 24, 2015) (quotation and other citations omitted); *see also United States v. $5,253.00 U.S. Currency*, No. 11-cv-6335, 2014 WL 122254, *4 (W.D.N.Y. Jan. 13, 2014) (citing cases); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989) (holding that "before a claimant can contest a forfeiture, he must demonstrate standing,' because there is a 'substantial danger of false claims in forfeiture proceedings").

Here, Claimant has presented a bald assertion of ownership insufficient to support his claim. Further, the facts in the verified answer and Claimant's other submissions provide no inference of ownership, or that Claimant was ever in possession of the Defendant Property. In fact, as the Government notes, the opposite may be inferred from the fact that the Defendant Property, which Claimant alleges to be a family heirloom, was found carelessly dropped on the living room floor in his son's apartment when it was seized. *See* Dkt. No. 1 at ¶ 14. Claimant's bald assertion of ownership is insufficient to establish that he has standing in this matter. *See $41,352.00 U.S. Currency*, 2015 WL 5638211, at *5. Had Claimant been in possession of the Defendant Property at the time of its seizure, his assertion of ownership would likely be sufficient to establish Article III standing. *See, e.g., United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1274 (10th Cir. 2008) (holding that physical possession of the property at issue at the time of seizure, along with a claim of ownership in the property, is sufficient to establish Article III standing). Claimant, however, has failed to put forth any additional facts or evidence in support of his bald assertion to ownership in the Defendant Property that was not in his possession at the time of its seizure. *See United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112-13 (5th Cir. 1992) (holding that, although "a bare assertion of ownership in the res, without more, is inadequate to prove an ownership interest sufficient to establish standing," such evidence coupled with evidence of the claimant's involvement with the res is sufficient to confer Article III standing).

Accordingly, Claimant has failed to establish standing and his motion to stay must be denied.

### 2. Burden to Claimant's Right Against Self-Incrimination

The Government also contends that Claimant's motion to stay must be denied because he has failed to establish that continuation of the forfeiture proceeding will burden his right against self-incrimination. *See* Dkt. No. 12 at 8-9. The Court agrees.

In his motion, Claimant fails to point to any specific harm and instead conclusively asserts as follows: "there is no way for Mr. Civitello to answer the discovery requests without potentially incriminating himself in either or both of the pending drug cases." Dkt. No. 11-2 at 5. Since Claimant alleges that the Defendant Property, a gold chain, was given to him by his late father, this conclusory assertion is particularly unpersuasive. The Court is unable to fathom how Claimant providing any facts and documentation legitimately supporting his claim of ownership to the Defendant Property would burden his right against self-incrimination in the parallel criminal proceedings. Further, when the Government sent its special interrogatories to investigate the nature of Claimant's alleged ownership of the Defendant Property, Claimant simply failed to respond. As the Government notes, at a minimum, Claimant could have advised the Government of the specific questions in the special interrogatories that he believed would burden his right against self-incrimination and could have answered the remaining questions.

Claimant's conclusory and implausible assertion that his right against self-incrimination will be burdened absent a stay is insufficient to satisfy his burden under Section 981(g)(2)(C). *See United States v. $39,000.00 in United States Currency*, 951 F.3d 740, 742 (6th Cir. 2020) ("A blanket assertion of the Fifth Amendment privilege does not excuse a claimant's burden of establishing standing at the summary judgment stage, nor can a claimant use this invocation of the privilege as 'a sword ... to make one's assertions of ownership impervious to attack'") (quotation and other citation omitted). Therefore, Claimant's motion for a stay is denied on this alternative ground.

B.    **Cross-Motion to Strike the Claim and Answer**

The Government has cross-moved to strike the claim and answer of Claimant, arguing that it is entitled to this relief both because Claimant failed to comply with Supplemental Rule G(6) and because Claimant lacks standing.  *See* Dkt. No. 12 at 10-11.

"Any 'person who asserts an interest' in the res that is the subject of a forfeiture action may 'contest the forfeiture by filing a claim in the court where the action is pending.'" *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (quoting Forfeiture Rule G(8)(c)(i)(B)).  "The government may then move to strike the claim on the ground that the 'claimant lacks standing.'" *Id.* (quoting Forfeiture Rule G(8)(c)(ii)(B)).  A motion to strike the claim and answer "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Fed. R. Civ. P., Supp. R. G(8)(c)(ii)(B).

Here, as noted above, Claimant has not met his burden of establishing standing as he has asserted nothing more than a bald claim of ownership of an item that was not in his possession at the time it was seized.  The Government sent its special interrogatories to investigate the nature of Claimant's alleged ownership of the Defendant Property and Claimant failed to respond.  At a minimum, he could have advised the Government of the special questions in the special interrogatories that he believed would burden his right against self-incrimination and could have answered the remaining questions.  Instead, Claimant failed to respond at all and only indicated an intent to seek a stay of the matter after the Government contacted Claimant's counsel on January 24, 2023.  *See* Dkt. No. 12-1 at ¶¶ 7-8.  As such, the Court finds that the Government's motion to strike Claimant's claim and verified answer must be granted.  *See United States v. Vazquez-Alvarez*, 760 F.3d 193, 198 (2d Cir. 2014) (affirming the district court's grant of default

judgment to the Government where the claimant refused to answer the Government's interrogatories directed at the claimant's standing and instead moved to dismiss, because the claimant was required to establish standing to bring his claim and, because the claimant was a stranger to the litigation absent standing, the district court properly declined to address the argument's raised in the claimant's motion to dismiss); *United States v. $31,000.00 in U.S. Currency*, 774 Fed. Appx. 288, 290-91 (6th Cir. 2019) (holding that the district court properly granted the Government's motion to strike where the claimants refused to answer any of the special interrogatories served by the Government, claiming that it would burden their Fifth Amendment rights against self-incrimination, and noting that the claimants had abused their Fifth Amendment privileges by refusing to answer even basic, non-incriminating inquiries); *United States v. $46,340.00 in U.S. Currency*, 791 Fed. Appx. 596, 596-97 (6th Cir. 2020) (same).

Accordingly, the Government's cross-motion to strike the claim and verified answer is granted.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Claimant Jeffrey C. Civitello Sr.'s motion for a stay (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that the Government's cross-motion to strike the claim and verified answer (Dkt. No. 12) is **GRANTED**; and the Court further

**ORDERS** Claimant's verified answer (Dkt. No. 10) and claim (Dkt. No. 9) are hereby **STRICKEN**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 14, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge